IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Gregory McCracken, | No. CV-09-1598-PHX-JAT (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al. | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (docket # 1) Respondents have filed an Answer, docket # 10, to which Petitioner has not replied. For the reasons discussed below, the undersigned recommends that the Petition be denied.

## I. Factual and Procedural Background

### A. Charges, Plea and Sentencing

On November 30, 2004, Petitioner was indicted in Arizona Superior Court, Maricopa County, on one count of fraudulent schemes and artifices, a class 2 felony, Count 1. (Respondents' Exh. A) The State subsequently amended the indictment to allege aggravating circumstances other than prior convictions. (Respondents' Exh. C) On May 23, 2005, attorney Brad Reinhart, from the Office of Contract Counsel, replaced Petitioner's previously appointed counsel and represented Petitioner throughout sentencing. (Respondents' Exhs. B, D)

Petitioner's case proceeded to a jury trial[1] on February 5, 2007. (Respondents' Exh. E) On the fourth day of trial, February 8, 2007, Petitioner pleaded guilty to Count 1 as charged. (Respondents' Exh. F, G) Petitioner's counsel advised the court that Petitioner wanted to "plead straight up." The court asked Petitioner, "Is that what you want?" (Respondents' Exh. G at 3) To which Petitioner replied, "Yes." (*Id.*) The court then conducted a plea colloquy. The court advised Petitioner of the rights he was foregoing by pleading guilty and asking if Petitioner understood those rights. (Respondents' Exh. G at 3-10) The court again asked Petitioner if it was his decision to "change [his] plea and plead guilty to the charge on the indictment." (Respondents' Exh. G at 4) Petitioner responded, "Yes, sir." (Respondents' Exh. G at 4) The court also asked Petitioner if anyone had forced or threatened him to plead guilty. (Respondents' Exh. G at 6) Petitioner answered, "No, sir." (Respondents' Exh. G at 6) The court also advised Petitioner of the sentencing range, from 3 to 12.5 years imprisonment, for the charge to which he was pleading guilty. (Respondents' Exh. G at 6-7) Petitioner indicated that he understood the sentencing range. (*Id.*) Petitioner's counsel articulated the following factual basis for the plea:

> Between [January 1, 2000 and October 2, 2003, Petitioner] took money from Jean Brooks. He omitted a considerable amount of information; one, that he was unemployed; one, that the money that he was taking was not going to be going to his former place of employment; and also, that he was just going to take the money and spend it on his own.
>
> These omissions were material misrepresentations, in order to get that money from her. In the course of doing so, he got $202,000 between the dates that you have set forth that you just stated.

(Respondents' Exh. G at 7-8) Petitioner agreed that the factual basis was true and that the events occurred in Maricopa County, Arizona. (Respondents' Exh. G at 8) The trial court also asked the victim if she agreed with Petitioner pleading guilty, and she stated that she did. (Respondents' Exh. G at 8) The court found a factual basis for the plea, that Petitioner pled guilty knowingly, intelligently, and voluntarily, and accepted Petitioner's guilty plea. (*Id.* at 9) Petitioner also admitted the aggravating factor of the age of his victim, 74-years-

---

[1] The Honorable Frank A. Johnson, Jr. presided.

- 2 -

old at the time of the offense. (Respondents' Exh. G at 9-10) The trial court accepted the plea as to the admission of the aggravating factor of the victim's age. (Respondents' Exh. G at 10)

On March 15, 2007, the trial court conducted a sentencing hearing. (Respondents' Exh. H) At the conclusion of that hearing, the court sentenced Petitioner to an aggravated term of 10 years' imprisonment with credit for 43 days of presentence incarceration. (Respondents' Exh. H at 15-17, and I) Petitioner was given, and acknowledged receiving, a copy of the "Notice of Rights of Review after Conviction and Procedure," which explained his rights on appeal or post-conviction review. (Respondents' Exh. J)

## B. Notice of Appeal

On April 11, 2007, Petitioner filed a notice of appeal. (Respondents' Exh. K) On April 20, 2007, the Arizona Court of Appeals dismissed the appeal explaining that:

> Upon examination of this file, the court concludes it has no jurisdiction over this appeal. The record reflects that the judgment and sentence in this matter were entered pursuant to appellant's plea agreement. If appellant wishes to seek review of his conviction or sentence, appellant must proceed by way of Rule 32, Arizona Rules of Criminal Procedure. *See* Ariz.Rev.Stat.Ann. § 13-4033(B); *State v. Ward*, 211 Ariz. 158, 161-62, ¶ 9, 118 P.3d 1122, 1125-1126 (App. 2005).

(Respondents' Exh. L)

## C. Post-Conviction Proceedings

On June 12, 2007, Petitioner filed a notice of post-conviction relief which did not include a request for the appointment of counsel. (Respondents' Exh. M) On June 22, 2007, the trial court issued a minute entry, stating that it had received Petitioner's notice of post-conviction relief, and that Petitioner did not request appointed counsel. (Respondents' Exh. N) The trial court ordered that Petitioner would represent himself, that transcripts be prepared, and set a briefing schedule. (*Id.*) On July 19, 2007, Petitioner filed a request for appointment of counsel. (Respondents' Exh. O) On January 2, 2008, Petitioner filed a second notice of post-conviction relief. On January 16, 2008, the court appointed Petitioner counsel, and granted an extension of time in which to file his petition for post-conviction review. (Respondents' Exh. Q) Appointed counsel subsequently notified the court that he

- 3 -

was unable to find any viable claims to raise in post-conviction proceedings. (Respondents' Exh. R) On March 25, 2008, the trial court acknowledged that it had received counsel's notice of completion of review, and granted additional time for Petitioner to file a *pro per* petition for post-conviction relief. (Respondents' Exh. S)

On April 28, 2008, Petitioner filed a *pro per* petition for post-conviction relief raising the following claims: (1) actual innocence; (2) the court lacked jurisdiction to enter his conviction or sentence because this was not a criminal matter; (3) he was unlawfully induced to plead guilty; (4) a coerced confession was introduced at trial; (5) Petitioner's statement obtained by police in the absence of his attorney was introduced at trial; (6) trial counsel was ineffective for failing to prepare for trial; (7) trial counsel was ineffective because he did not discuss the case with Petitioner before trial; (8) he was denied his constitutional right to a competent attorney at every critical stage of the proceeding; and (9) the State introduced perjured testimony at trial. (Respondents' Exh. T) After considering the petition, the States' response, Petitioner's reply, and the record, the court dismissed the petition post-conviction relief. (Respondents' Exhs. T-W) The court made the following findings:

> 1. The Defendant has failed to show any colorable claim entitling him to post-conviction relief.
>
> 2. The Defendant's allegation that he had ineffective assistance of counsel is not supported by the record. The Defendant fails to show both that trial counsel's performance was (a) not reasonable under all circumstances and (b) there is a reasonable probability that but for counsel's unreasonable conduct the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984) and *State v. Mata*, 185 Ariz. 319, 916 P.2d 1035 (1996).
>
> 3. A jury was empaneled and sworn, along with several witnesses, who testified and were subject to cross-examination by the defense. The Defendant was seated next to counsel at all times throughout the jury trial. After a lunch break, midway through trial, the Defendant in open Court, while still represented by counsel, knowingly, voluntarily, and intelligently changed his plea to "guilty."
>
> During the change of plea proceedings, the Court advised the Defendant of his Constitutional Rights and possible consequences, and a factual basis was entered on the record. There were no promises, threats, or force used against the Defendant to change his plea, and the Defendant was sentenced to the Arizona Department of Corrections.
>
> The Court further finds that no other purpose would be served by any further proceedings herein.

- 4 -

(Respondents' Exh. W) Petitioner did not file a petition for review by the Arizona Court of Appeals or the Arizona Supreme Court. (docket # 1 at 5)

On June 22, 2009, Petitioner filed a second petition for post-conviction relief arguing that counsel was ineffective. (Respondents' Exh. X) Because the record does not contain further information regarding that petition, the Court consulted the public records of the Maricopa County Superior Court on-line. On October 29, 2009, a minute entry was issued dismissing the second petition for post-conviction relief. (attached as Exhibit 1 to this Report and Recommendation). In that minute entry, Commissioner Frank A. Johnson, Jr., found that Petitioner's Rule 32 proceeding was untimely. The court further found that Petitioner could not raise a claim of ineffective assistance in an untimely Rule 32 proceeding because such claim did not fall under any of the exceptions in Arizona Rule of Criminal Procedure 32.1(d), (e), (f), (g), or (h). The court further noted that Petitioner "is precluded from relief on this claim pursuant to Rule 32.2(a), Arizona Rules of Criminal Procedure, because this claim was raised in his prior Rule 32 proceeding." (October 29, 2009 Minute Entry, attached as Exhibit 1) Petitioner did not seek appellate review of the denial of his second petition for post-conviction relief.

### D. Federal Petition for Writ of Habeas Corpus

On August 3, 2009, filed a timely Petition for Writ of Habeas Corpus in this Court. (docket # 1, docket # 10 at 7-8). Petitioner raises the following nine grounds for relief:

1. Trial counsel was ineffective because he did not confer with Petitioner to discuss his case in detail.

2. Trial counsel was ineffective because he did not prepare for trial.

3. Trial counsel was ineffective because he "induced and coerced" Petitioner to plead guilty during trial.

4. Trial counsel coerced Petitioner to change his plea and confess to the crime.

5. Petitioner is actually innocent.

6. Petitioner was denied the right to counsel at every critical stage of the proceeding.

7. Petitioner's constitutional right to counsel was violated when a statement obtained in the absence of counsel was introduced at trial.

8. The State introduced perjured testimony at trial in violation of the Constitution.

9. The trial court lacked jurisdiction to enter Petitioner's conviction and sentence because this case was not a criminal matter, but involved a loan between two parties.

(docket # 1) Petitioner contends that he did not present any of the foregoing grounds for relief to the Arizona Court of Appeals because he "was informed by the court that this was not an available option" for him. (*Id.*)

Respondents filed an Answer to Petition for Writ of Habeas Corpus, asserting that the Petition should be denied on procedural grounds because Petitioner did not present any of his claims to the Arizona Court of Appeals and they are barred from habeas corpus review. (docket # 10) As discussed below, the Court agrees that all of Petitioner's claims are procedurally barred and that the Petition should be denied on that basis.

## II. Exhaustion and Procedural Bar

### A. Relevant Legal Principles

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted available state-court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim.").

To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present" her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona,

- 6 -

unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief. *See Crowell v. Knowles*, 483 F.Supp.2d 925 (D.Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)); *Swoopes*, 196 F.3d at 1010 (stating that "Arizona has declared that its complete round [of appellate review] does not include discretionary review before the Arizona Supreme Court.")

      To fairly present a claim, a habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim. *Baldwin*, 541 U.S. at 27. In summary, a "petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum; (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. *Nunnemaker*, 501 U.S. at 802-05. Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); Ariz.R.Crim.P. 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting

his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

### B. Application of Law to Petitioner's Claims

Here, Petitioner never petitioned the Arizona Court of Appeals for review from the trial court's denial of his petitions for post-conviction relief. In view of Petitioner's failure to present his claims to the Arizona Court of Appeals, his claims are unexhausted. *See Baldwin*, 541 U.S. at 26.

#### 1. Procedural Bar

Additionally, Petitioner's claims are procedurally barred, because a return to state court to present his claims would be futile. Petitioner's claims, which were not fairly presented to the Arizona Court of Appeals, would be procedurally barred under Arizona law. Petitioner is time-barred from raising these claims in a successive petition for post-conviction relief because the time for filing a notice of post-conviction relief has long expired. *See* Ariz.R.Crim.P. 32.1 and 32.4 (a petition for post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later.") Likewise, Petitioner is time-barred from seeking appellate review because Arizona Rules of Criminal Procedure 32.9(c) and 31.19(a) require petitions for review from the denial of a petition for post-conviction relief, and petitions for review to be filed within 30 days after the final decision of the trial court or the court of appeals. Thus, Petitioner is time-barred from seeking further review in the state court.

Additionally, under Rule 32.2(a) of the Arizona Rules of Criminal Procedure, a defendant is precluded from raising claims that could have been raised on direct appeal or in

- 9 -

any previous collateral proceeding. *See State v. Curtis,* 185 Ariz. 112, 113, 912 P.2d 1341, 1342 (App. 1995) ("Defendants are precluded from seeking post-conviction relief on grounds that were adjudicated, or could have been raised and adjudicated, in a prior appeal or prior petition for post-conviction relief."); *State v. Berryman,* 178 Ariz. 617, 624, 875 P.2d 850, 857 (App. 1994) (defendant's claim that his sentence had been improperly enhanced by prior conviction was precluded by defendant's failure to raise issue on appeal).

### 2. Excusing the Procedural Bar

Because all of Petitioner's claims are procedurally defaulted, they are barred from federal habeas corpus review absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." To establish "cause", a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Murray,* 477 U.S. at 488-492. The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* Prejudice is actual harm that results from the constitutional violation or error. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984). Where petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray,* 477 U.S. 527, 533 (1986).

In an effort to overcome the procedural bar, Petitioner asserts that he did not petition the Arizona Court of Appeals for review from the trial court's denial of his petition for post-conviction relief because he "was informed by the court that this was not an available option" for him. (docket # 1 at 5-9, 13-17) There is no evidence in the record that the Arizona Court of Appeals advised Petitioner that he could not seek appellate review of the denial of his petition for post-conviction relief. Rather, the Arizona Court of Appeals correctly advised Petitioner that he could not seek *direct review* to the Arizona Court of Appeals because he had pled guilty. (Respondents' Exh. L) When Petitioner attempted to file a direct appeal, the Court concluded that it lacked jurisdiction over the appeal "pursuant

- 10 -

to [Petitioner's] plea." (Respondents' Exh. L) The appellate court advised Petitioner that he could seek review of his conviction or sentence "by way of Rule 32, Arizona Rules of Criminal Procedure." (Respondents' Exh. L) As the appellate court advised Petitioner, an Arizona pleading defendant waives his right to a direct appeal under Arizona law, but may seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32. Ariz.R.Crim.P. 32.1, 32.4.

Thus, the Arizona Court of Appeals correctly advised Petitioner that he must seek review of his conviction and sentence in a post-conviction action pursuant to Ariz.R.Crim.P. 32. The appellate court did not state that appellate review was unavailable in post-conviction proceedings. Indeed, the appellate court referred Petitioner to Arizona Rule of Criminal Procedure 32. Rule 32.9(c) of Arizona Rules of Criminal Procedure provides that:

> Within thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing, any party aggrieved may petition the appropriate appellate court for review of the actions of the trial court.

Ariz.R.Crim.P. 32.9(c). Petitioner misunderstood the Court of Appeals' statement regarding the unavailability of direct appeal due to Petitioner's guilty plea. However, Petitioner's misunderstanding of the law or lack of legal knowledge does not constitute cause for his failure to properly present his claims to the Arizona courts. *See Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000) (stating that ignorance of the law is insufficient to demonstrate cause and prejudice); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

Additionally, Petitioner has not shown that failure to consider any of his defaulted claims will result in a fundamental miscarriage of justice. A federal court will review a procedurally defaulted habeas claim on the merits if petitioner demonstrates that failure to consider the merits of the claim will result in a "fundamental miscarriage of justice." A

"fundamental miscarriage of justice" occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298 (1995). The fundamental miscarriage of justice exception applies to a "narrow class of cases" in which a petitioner makes an extraordinary showing that an innocent person was probably convicted because of a constitutional violation. *Schlup v. Delo,* 513 U.S. 298, 231 (1995). Petitioner has the burden of demonstrating that a "constitutional violation has resulted in the conviction of one who is actually innocent." *Id.* at 327. To establish the requisite probability, Petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327. New evidence presented in support of a fundamental miscarriage of justice claim may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Id.* at 324, *see also, House v. Bell,* 547 U.S. 518 (2006) (stating that a fundamental miscarriage of justice contention must involve evidence that the trial jury did not have before it).

Petitioner has not offered any new evidence, or asserted that, in light of any newly discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324, 327.

Because Petitioner has not established any basis to excuse his procedural default, his claims are barred from federal habeas corpus review.

### III. Conclusion

Based on the foregoing, the Petition for Writ of Habeas Corpus should be denied because all of Petitioner's claims are procedurally barred from federal habeas corpus review. In view of the procedural bar, the Court need not consider the merits of Petitioner's claims.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See,* Rule 72, Federal Rules of Civil Procedure.

DATED this 30th day of November, 2009.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

# EXHIBIT 1

Michael K. Jeanes, Clerk of Court
\*\*\* Electronically Filed \*\*\*
10/30/2009 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2004-023587-001 DT    10/29/2009

COMMISSIONER FRANK A. JOHNSON JR.

CLERK OF THE COURT
K. Apodaca
Deputy

STATE OF ARIZONA    FRANKIE Y JONES

v.

KENNETH GREGORY MCCRACKEN (001)

KENNETH GREGORY MCCRACKEN
#215317
P O BOX 8940
SAN LUIS AZ  85349

APPEALS-PCR
COURT ADMIN-CRIMINAL-PCR
VICTIM SERVICES DIV-CA-CCC

MINUTE ENTRY

The Court has reviewed defendant's Petition to Post-Conviction Relief filed on June 22, 2009. Defendant entered a guilty plea on February 8, 2007 and was sentenced on March 15, 2007. Defendant's prior Rule 32 proceeding was dismissed on July 30, 2008.

Defendant claims his counsel rendered constitutionally ineffective assistance. Defendant cannot raise this claim in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Ariz. R. Crim. P. 32.4(a). In addition, Defendant is precluded from relief on this claim pursuant to Rule 32.2(a), Arizona Rules of Criminal Procedure, because this claim was raised in his prior Rule 32 proceeding.

IT IS THEREFORE ORDERED dismissing Defendant's Petition for Post-Conviction Relief.